IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAY MCKENDREE, JR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-717 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PRESIDENT JOSEPH ROBINETTE BIDEN, JR, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER OF DISMISSAL**

For the reasons that follow, Plaintiff's Complaint will be dismissed pursuant to the screening provisions in 28 U.S.C. § 1915.

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"), and the Complaint is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, the statute requires the Court to dismiss a complaint that is frivolous, fails to state a claim upon which relief may be granted or seeks relief against an immune defendant. Burrell v. Loungo, 750 Fed. Appx. 149, 154 (3d Cir. Sept. 12, 2018) (citing Section 1915(e)(2)).

Plaintiff has named as Defendants the President, his "administration" and the United States government, and his Complaint lists a number of seemingly disjointed grievances. Among other things, Plaintiff claims that he "didn't get to vote," noting that he requested a mail in ballot because a "sexist judge had [his driver's] license suspended"; and, when he telephoned senators and the Justice Department to complain, person(s)-unidentified told him that his vote

"didn't matter" because he was Republican, and "they lost big" in Pennsylvania.  Compl. (Doc. 3), at ECF banner pg. 6 of 8.  He also appears to recount events emanating from a landlord-tenant dispute, *id.* at pg. 7; he complains that he got laid off during the pandemic, and that his former employer did not hire him back, but instead hired "illegal[ G]ualtamalens [sic]," *id.* at 8; and he claims that he did not receive certain government payments because they were sent to "wrong bank accounts."  *Id.*  In compensation, Plaintiff wishes for the Court "to set up a mediation," through which he will accept $750 million; and, if he does not achieve satisfaction, he will demand $5 billion at trial, and "request a vote to abolish The Government." *Id.* at pg. 4.

Candidly, the allegations and demands in the Complaint are so incredible, it is hard to know where to start.  It suffices to say that none of Plaintiff's allegations support claims upon which relief may be granted, generally, and definitely not with respect to the named Defendants.  The President is absolutely immune from suits for damages based on conduct undertaken through his official duties.  Forrester v. White, 484 U.S. 219, 225 (1988).  Also, claims against the United States government are shielded by sovereign immunity, and may proceed only upon its consent.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  Plaintiff has failed to identify such consent, and the Court is unaware of any that may apply under these circumstances.

At bottom, Plaintiff's Complaint merely lists events with which he is dissatisfied, followed by "bare averment[s] that he wants relief and [believes he] is entitled to it." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) (citation to quoted source omitted).  That is not enough.  The Court has no reason, moreover, to believe that the pleadings may be cured by amendment.  Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915.

IT IS SO ORDERED.

| | |
|---|---|
| May 18, 2023 | s/Cathy Bissoon<br>Cathy Bissoon<br>United States District Judge |

cc (via First-Class U.S. Mail):

Clay Mckendree, Jr.
13 Beech St.
Homer City, PA  15748